UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────

№ 20-CR-98 (SJ) (RER)

───────────────

UNITED STATES OF AMERICA,

versus

TIMOTHY MARTINEZ,

───────────────

**REPORT & RECOMMENDATION**

November 17, 2021

───────────────

**TO THE HONORABLE STERLING JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.:**

  Defendant Timothy Martinez ("Martinez") is charged in a two-count indictment with violations of 18 U.S.C §§ 2252A(a)(1), (a)(2)(B) and (a)(5)(b) (receipt, possession, distribution and transportation of child pornography). (ECF No. 9). Your Honor has referred to me Martinez's motion to suppress evidence from a Hewlett Packard laptop computer (the "HP Laptop") seized from him without a warrant or his consent following a consensual interview with Homeland Security, Homeland Security Investigations ("HSI") agents. (ECF Order dated 06/08/2021; ECF No. 22 ("Def. Mem.")). For the reasons which follow, I respectfully recommend that Martinez's motion be denied.

## FACTS[1]

HSI began investigating Martinez in 2019 after receiving a referral from a Texas police department that identified a Twitter account associated with Martinez as having engaged in sexually explicit conversations with a minor. (ECF No. 27 at 6). On September 13, 2019, HSI obtained a warrant authorizing the search of Martinez's Staten Island residence for violations of the specified offenses (the "First Search Warrant"). (*See* No. 19-MJ-817 (LB); ECF No. 27-1). The affidavit in support of the First Search Warrant outlined evidence against the Martinez, including direct messages between a Twitter account associated with Martinez and an individual purporting to be a fourteen-year-old girl, in which Martinez solicited and purchased child pornography from and engaged in sexually explicit conversations with the girl. (ECF No. 27-1 at ¶ 11.) The First Search Warrant authorized HSI to seize, *inter alia*, video and photography equipment and storage devices, and computer devices and storage media. (*Id.* at Attachment A, II.)

Prior to executing the First Search Warrant, on September 19, 2019 HSI obtained a second search warrant from the Southern District of New York (the "Second Search Warrant") because Martinez was an officer with the New York City Police Department ("NYPD") and HSI expected to execute the Second Search Warrant on a weekday morning when Martinez would be at work in Manhattan. (*See* 19-MAG-8556 (OTW); ECF No. 27-2). The Second Search Warrant was based

---

[1] These facts, which are not seriously in dispute, are drawn from the multiple search warrants in this case as well as from those proffered by Martinez and the government in connection with the instant motion. Given that the facts are not in dispute, the Court did not conduct an evidentiary hearing. *E.g., Jones v. United States*, 365 F. App'x 309, 310 (2d Cir. 2010) (finding no abuse of discretion in not holding an evidentiary hearing where "there was no material factual dispute ...."); *United States v. Pierce*, No. 06–CR–42, 2007 WL 1175071, at *3 (E.D.N.Y. Apr. 19, 2007) ("Absent a contested issue of material fact, a defendant is not entitled to an evidentiary hearing.") (citing *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992)); *United States v. Robinson*, 153 F.Supp.2d 188, 191 (E.D.N.Y. 2001) ("[A] district court is not required to hold an evidentiary hearing if the defendant's 'moving papers did not state sufficient facts which, if proven, would have required the granting of the relief requested.'") (quoting *United States v. Culotta*, 413 F.2d 1343, 1345 (2d Cir. 1969); *United States v. Fruchter*, 104 F.Supp.2d 289, 308 (S.D.N.Y. 2000) ("A motion to suppress does not require a hearing unless there is a factual dispute.") (citing *Pena*, 961 F.2d at 339).

on the same facts supporting the First Search Warrant, but noted additionally that Martinez had messaged the fourteen-year-old girl his cell phone number so they could communicate directly via text message as opposed to messages through Twitter. (ECF No. 37-2 at ¶ 12.d.) The Second Search Warrant authorized the search of Martinez and the seizure from him of any cellular phones in his possession. (*Id*. at Attachment A, I.)

Prior to executing the Second Search Warrant, HSI learned that Martinez was on military leave from the NYPD, attending United States Army Reserve training in Shoreham, New York. (*See* 19-MJ-846 (RML); ECF No. 22-3, ¶ 8). Accordingly, on September 23, 2019, HSI obtained a third search warrant from the Eastern District of New York authorizing the seizure and search of any cellular phones in Martinez's possession within the District (the "Third Search Warrant"). (ECF No. 22-3.) On September 24, 2019, HSI Special Agents Joshua Croft and Steven Mullen executed the Third Search Warrant against Martinez at the U.S. Army Reserve Center in Shoreham, New York. (ECF No. 27 at 3). According to the government, and not disputed by Martinez, he waived his *Miranda* rights and made voluntary statements to Croft and Mullen in an audio-recorded interview.[2] (*Id.*) Among other things, Martinez admitted (1) that the Twitter account that engaged in sexually explicit messages with the fourteen-year-old girl belonged to him and he had used it, (2) the email address associated with that Twitter account belonged to him and he was the only person who had access to it, and (3) an Internet Service Provider account whose Internet Protocol (IP) address information was associated with Martinez's Twitter account belonged to him and was registered to his Staten Island address. (*Id.* at 3-4). Martinez also admitted that he accessed the Internet through a Wi-Fi connection at his home and used Twitter through its website, not a cell phone application. (*Id.*)

---

[2] While Martinez was being interviewed, a separate team of HSI agents executed the First Search Warrant at Martinez's residence in Staten Island, New York.

Relevant to the specific charges, during the interview Martinez admitted that he had seen the Twitter account profile of the 14-year old girl, who he described as "a little girl", and had purchased sexually explicit videos from that account. (*Id.* at 4). Martinez also stated that he used various electronic devices to access the Internet, including his cell phone and the HP Laptop, and that the HP Laptop was in a nearby hotel room in Calverton, New York and could be used to verify his home IP address information. (*Id.*). Subsequently, with Martinez's consent, Special Agents Croft and Mullen accompanied him to the hotel room, where Martinez powered on the HP Laptop and entered a password to log in. (*Id.*) Special Agent Croft then provided Martinez with copies of the First and Third Search Warrants, stating that they were for Martinez's residence and cell phone. (*Id.*) Special Agent Croft then seized Martinez's cell phone and the HP Laptop with no objection from Martinez, and provided him with property receipts for both items. (*Id.*) Martinez also provided the agents his passwords for both devices. (*Id.*)

Subsequently, Special Agent Croft applied to the Eastern District of New York for a search warrant for the seized HP Laptop (the "Fourth Search Warrant"). (*See* 19-MJ-851 (RML); ECF No. 27-4). The search warrant affidavit appended the First, Second and Third Search Warrants and summarized that Martinez told Special Agent Croft that he uses a laptop computer to connect to the Internet from his residence and produced the HP Laptop in response to the question of whether he could verify the IP address registered to his residence. (ECF 27-4 at ¶ 4). Special Agent Croft's affidavit also included his opinion, based on his training and experience, that individuals engaged in exploitative conduct often use Internet-capable laptops to, among other things, buy, sell, trade and store child pornography, as well as to connect and chat with underage children on social media. (*Id.*) The government did not search the HP Laptop until after the Fourth Search Warrant was signed by the Magistrate Judge. (ECF No. 2 at 5).

4

## **DISCUSSION**

Martinez contends that the warrantless seizure and subsequent search of the HP Laptop violated his rights under the Fourth Amendment to the United States Constitution. (ECF No. 22 at 2). Accordingly, he seeks to suppress all evidence seized from the Laptop. (*Id.*) As discussed below, the motion to suppress should be denied as the seizure and search of the HP Laptop did not violate the Fourth Amendment.

I. Burden of Proof on Suppression Motions

"In a motion to suppress physical evidence, the burden of proof is initially on the defendant. Once the defendant has established some factual basis for the motion, the burden shifts to the government to show that the search was lawful." *United States v. Breckenridge*, 400 F. Supp. 2d 434, 437 (D. Conn. 2005) (citations omitted); *see also United States v. Carollo*, No. 09 CR. 1058 VM, 2011 WL 6935292, at *2 (S.D.N.Y. Dec. 30, 2011) (citations omitted). "The government has the ultimate burden of persuasion." *United States v. Magaddino*, 496 F.2d 455, 460 (2d Cir. 1974) (citation omitted). "The standard of proof on the party who carries the burden is preponderance of the evidence." *United States v. Allen*, 289 F.Supp.2d 230, 242 (N.D.N.Y. 2003) (citation omitted); *accord United States v. Martinez*, 992 F.Supp.2d 322, 332 (S.D.N.Y. 2014) ("On a motion to suppress, the government bears the burden of proving the propriety of law enforcement conduct by a preponderance of the evidence.") (citation omitted).

## II. The Warrantless Seizure of The HP Laptop Did Not Violate The Fourth Amendment

Martinez is correct that neither the First, Second nor Third Search Warrant authorized the agents to seize the HP Laptop at the hotel. (*Id.* at 5-7).[3] Nevertheless, the seizure of the HP Laptop at the hotel did not violate the Fourth Amendment.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const., amend. IV. A "seizure" of personal property occurs for purposes of the Fourth Amendment if law enforcement officers meaningfully interfere with an individual's possessory interests in that property. *See United States v. Jacobsen*, 466 U.S. 109, 113, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984); *United States v. Iverson*, 897 F.3d 450, 458 (2d Cir. 2018). There is no question that the HP Laptop was "seized" within the meaning of the Fourth Amendment.

Ordinarily, the seizure of personal property is "*per se* unreasonable within the meaning of the Fourth Amendment unless it is accomplished pursuant to a judicial warrant issued upon probable cause and particularly describing the items to be seized." *United States v. Place,* 462 U.S. 696, 701 (1983) (citing *Marron v. United States*, 275 U.S. 192, 196, 48 S.Ct. 74, 76, 72 L.Ed. 231 (1927)). Nevertheless, where probable cause exists to believe that property contains contraband or evidence of a crime, the Fourth Amendment permits the warrantless seizure of that property, pending issuance of a warrant, if exigent circumstances demand it or some other recognized exception to the warrant requirement is present. *Id.* The government argues that the warrantless seizure of the HP Laptop was appropriate under either the plain view or exigent circumstances exceptions to the warrant requirement. (ECF No. 27 at 6-20).

---

[3] The First Search Warrant authorized the seizure of computer devices found at Martinez's residence in Staten Island.

"Under the plain view exception, if police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant." *United States v. Delva,* 858 F.3d 135, 149 (2d Cir. 2017) (quoting *Minnesota v. Dickerson*, 508 U.S. 366, 375, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993)). The incriminating character of everyday objects is justified where the officers have probable cause to believe that the objects contain or constitute evidence of a crime. *E.g., United States v. Babilonia*, 854 F.3d 163, 180 (2d Cir. 2017). In determining whether exigent circumstances exist, "[t]he core question is whether the facts, as they appeared at the moment of entry, would lead a reasonable, experienced officer, to believe that there was an urgent need to render aid or take action," including action "to prevent the imminent destruction of evidence." *United States v. Simmons*, 661 F.3d 151, 157 (2d Cir. 2011) (internal quotations omitted). The test for determining whether a warrantless seizure is justified by exigent circumstances "is an objective one that turns on the ... totality of circumstances confronting law enforcement agents in the particular case." *United States v. MacDonald*, 916 F.2d 766, 769 (2d Cir. 1990) (citations omitted), cert. denied, 498 U.S. 1119 (1991). Under either exception, the government has sustained its burden by a preponderance of the evidence that the warrantless seizure of the HP Laptop did not violate the Fourth Amendment.

The evidence supports the conclusion that the HP Laptop was in plain view and was properly seized. There is no dispute that the agents were lawfully present in the hotel room with Martinez's consent. (ECF No. 24 at ¶¶ 5–7.) Prior to seizing the HP Laptop the agents knew that Martinez was a suspect in a child pornography case and the government had already obtained three separate warrants to seize and search Martinez's various electronic devices. Of course, those warrants were issued based on probable cause to believe that Martinez's electronic devices

7

contained evidence of child pornography offenses. Further, Martinez had just incriminated himself, admitting that he engaged in sexually explicit conversations with a minor on Twitter and purchased sexually explicit videos from her over the Internet. Moreover, Martinez admitted that he used a laptop computer to connect to the Internet from his home and voluntarily produced the HP Laptop to verify his home IP address, through which he accessed the Twitter website. But for the fact that the HP Laptop was in the hotel, rather than at Martinez's residence, there would be no issue here, it would have been properly seized pursuant to the First Search Warrant. There can be no question that these objective facts establish the incriminating character of the HP Laptop, and Martinez cannot say that the agents did not have probable cause to believe it contained evidence of a crime or that its seizure ran afoul of the Fourth Amendment. *E.g.*, *United States v. Thomas*, 14-CR-00031, 2015 WL 164075, at *4 (D. Conn. Jan. 13, 2015) (agents had probable cause to seize laptop in plain view, believing it may have been used to post minor's online advertisement for sexual services), *aff'd sub nom. United States v. Walters*, 678 F. App'x 44 (2d Cir. 2017)); *United States v. O'Brien*, 498 F. Supp. 2d 520, 545 (N.D.N.Y. 2007) (officers had probable cause to seize computer in plain view based on the defendant's voluntary statements implicating him in child pornography offenses), *aff'd* 303 F. App'x 948, 949 (2d Cir. 2008).

      The same objective facts support the warrantless seizure of the HP Laptop under the exigent circumstances exception to the warrant requirement. Based on the uncontested facts, there is no question that a reasonable officer would find there was probable cause to believe the HP Laptop contained evidence of child pornography offenses. Martinez admitted that he engaged in such offenses and used a laptop computer to access the Internet to do so. Moreover, Martinez showed the HP Laptop to the agents to verify his home IP address. Given the nature of electronic devices, which are easily erased or destroyed, a reasonable officer would certainly believe there

was an urgent need to seize the HP Laptop to prevent any destruction of evidence. Indeed, "[i]t is common [and permissible] for the police to temporarily seize a suspect's personal property if they have probable cause and intend to apply for a warrant to search the property for evidence of a crime." *United States v. Smith*, 967 F.3d 198, 202 (2d Cir. 2020). Martinez's contention that the agents first should have secured the hotel room and then applied for a warrant to seize and search the HP Laptop is untenable. (ECF No. 22 at 8-9.) As the government correctly notes, that would have resulted in an even greater intrusion on Martinez's Fourth Amendment rights. (ECF No. 24 at 14-15.) In all, it was wholly reasonable for the agents to seize the HP Laptop under the exigent circumstances exception and then apply for a warrant to search it. There was probable cause to believe that the HP Laptop may contain evidence of child pornography offenses and such evidence could easily have been destroyed were the Laptop not seized.

    III.    The Search of The HP Laptop Did Not Violate The Fourth Amendment
            And The Evidence Should Not Be Suppressed

As noted above, after seizing the HP Laptop, the government timely applied for and received the Fourth Search Warrant. (*See* 19-MJ-851 (RML); ECF No. 27-4).[4] The Fourth Search Warrant, issued upon probable cause to believe that the HP Laptop contained evidence of child pornography offenses, authorized the search of the Laptop. (ECF No. 27-4 at ¶¶ 1-4).[5]

Martinez contends that suppression is warranted nevertheless because at the time the Fourth Search Warrant was issued the HP Laptop was located in the Southern District of New York (ECF No. 27-4 at ¶ 4, Attachment A), thereby violating the venue provision of Rule 41(b)(1)

---

[4] In his original motion Martinez contends, incorrectly, that the search of the HP Laptop was conducted without a warrant, and the evidence seized from it should therefore be suppressed. (ECF No. 22 at 4-5 ("The agents then produced one or more search warrants and informed Mr. Martinez that they were seizing his cell phone and the HP Laptop Computer. *No subsequent search warrant has been produced by the government to date for the HP Laptop Computer*." (emphasis added)).

[5] In his supplemental briefing, Martinez tacitly admits that the warrant application established probable cause to search the HP Laptop. (ECF No. 29 at 2 ("the warrant may have sufficiently pleaded probable cause and particularity.")) 

9

of the Federal Rules of Criminal Procedure. Fed.R.Crim.P. 41(b)(1) ("a magistrate judge with authority in the district . . . has authority to issue a warrant to search for and seize a person or property located within the district.").[6]

A Rule 41 violation requires suppression only when: "(1) there was 'prejudice' in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed, or (2) there is evidence of intentional and deliberate disregard of a provision in the Rule." *United States v. Allen*, 169 F.App'x 634, 636 (2d Cir. 2006) (quoting *United States v. Burke*, 517 F.2d 377, 386-87 (2d Cir. 1975)). Here, there is no prejudice as the search eventually would have occurred. Whether upon presentment of a revised warrant application to a magistrate judge in the Southern District of New York, or moving the HP Laptop into the Eastern District of New York and re-presentment to a magistrate judge in this District, a search warrant would have been issued as there clearly was probable cause to search the Laptop; Martinez cannot seriously contend otherwise. Also, as discussed below, there is absolutely no evidence of intentional and deliberate disregard of Rule 41(b)(1). This was a clear mistake, as evidenced by the fact that the same agent applied for and received search warrants from both Districts, depending on where the property was located.

Further, the Court of Appeals for the Second Circuit has held that even if a warrant issued contrary to a magistrate judge's territorial jurisdiction under Rule 41(b) is void *ab initio*, the good faith exception to the exclusionary rule would nevertheless apply. *See United States v. Eldred*, 933 F.3d 110, 118-120 (2d Cir. 2019) ("regardless whether [the magistrate judge] exceeded the scope

---

[6] The Court raised this issue *sua sponte* during oral argument on the motion and invited the parties to submit supplemental briefing on whether the Rule 41 violation required suppression and whether the good-faith doctrine applied. (ECF Minute Entry dated 7/29/2021). Notably, Martinez's supplemental brief does not address directly whether the good-faith doctrine applies. (ECF No. 29 at 2-3).

of her jurisdiction pursuant to either [Rule 41(b) or 28 U.S.C. § 636], we agree with the nine previous circuits to have considered the issue and conclude that suppression is not warranted because the good-faith doctrine applies.")

In *United States v. Leon*, 468 U.S. 897 (1984), the Supreme Court held that the exclusionary rule does not apply to evidence seized "in objectively reasonable reliance on" a warrant issued by a detached and neutral magistrate judge, even where the warrant is subsequently deemed invalid. 468 U.S. at 922. The Court reasoned that, "even assuming that the rule effectively deters some police misconduct and provides incentives for the law enforcement profession as a whole to conduct itself in accord with the Fourth Amendment, it cannot be expected, and should not be applied, to deter objectively reasonable law enforcement activity." *Id.* at 918–19. Under *Leon*, there are four circumstances in which the good-faith exception does not apply: "(1) where the issuing magistrate [judge] has been knowingly misled; (2) where the issuing magistrate [judge] wholly abandoned his or her judicial role; (3) where the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable; and (4) where the warrant is so facially deficient [such as by failing to particularize the place to be searched or the things to be seized] that reliance upon it is unreasonable." *United States v. Moore*, 968 F.2d 216, 222 (2d Cir. 1992) (citing *Leon*, 468 U.S. at 922–23).

Contrary to Martinez's claims, there is no evidence that the government knowingly misled the Magistrate Judge as to the location of the HP Laptop. (ECF No. 29 at 2 ("The Government mislead the Court . . .")). Indeed, the affidavit in support and the warrant itself indicate that the HP Laptop was in the Southern District of New York. (ECF No. 27-4 at ¶ 4 & Attachment A). There simply was no subterfuge here. There is also no indication that the Magistrate Judge *wholly* abandoned his judicial role. While the Magistrate Judge failed to recognize that the HP Laptop

11

was not within this District, he did properly assess that probable cause existed for the search and that all other warrant requirements were met; Martinez does not claim otherwise. Further, it cannot be said that the warrant application is so lacking in indicia of probable cause or otherwise facially deficient as to render reliance upon it unreasonable. Indeed, Martinez tacitly admits there was probable cause for the warrant and it was otherwise facially valid.

The fact that the government and the Magistrate Judge erred in regard to the location of the HP Laptop is not indicative of any constitutional malfeasance, but rather an honest mistake. A mistake likely born of the location at which the Laptop was seized and the fact that prior warrants had been obtained from both Districts. In addition, the two federal judicial districts in which such investigations occur are in close proximity -- the main courthouses separating the Eastern and Southern Districts of New York are within the same city and are a mere two miles apart. The federal agencies that investigate criminal activity within the City of New York straddle both Districts. In this Court's experience it is not unheard of that a warrant would be presented for the search of an item that may be located in the other District. In the ordinary course such an error would be caught and corrected. In this case it was not. That does not mean, however, that the error consists of conduct the exclusionary rule was designed to protect against – conduct that is "sufficiently *deliberate* that exclusion can meaningfully deter it, and sufficiently *culpable* that such deterrence is worth the price paid by the justice system." *Herring v. United States*, 555 U.S. 135, 144 (2009) (emphasis added).

Respectfully, the evidence from the HP Laptop should not be suppressed.

## CONCLUSION

For all these reasons, I respectfully recommend that Martinez's motion to suppress be denied. Any objections to this Report and Recommendation must be filed within fourteen days

hereof, and in any event no later than December 1, 2021. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R.Crim. P. 59; *Small v. Sec'y of Health & Human Servs.,* 892 F .2d 15, 16 (2d Cir. 1989).

**RESPECTFULLY RECOMMENDED**

    /s/ Ramon E. Reyes, Jr.            .
Hon. Ramon E. Reyes, Jr., U.S.M.J

Dated: November 17, 2021
Brooklyn, New York