

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 25 2022 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA,

        -against-

TIMOTHY MARTINEZ,

                Defendant.
-----------------------------------------------------------X

20 CR 98 (SJ) (RER)

ORDER ADOPTING
REPORT AND
RECOMMENDATION

**JOHNSON, Senior District Judge:**

    The salient facts underlying this action are not in dispute. On September 13, 2019, the government obtained a warrant to search the Staten Island home of defendant Timothy Martinez ("Defendant" or "Martinez"). The warrant was based on, *inter alia*, the discovery that (1) an internet protocol ("IP") address; (2) an account on the social media website platform Twitter; and (3) the email address "sincity11372@yahoo.com" were all associated with the purchase of sexually explicit images of a minor on Twitter by an individual at that residence. Specifically, the user of the Twitter account "Timmay16961030" made a series of electronic payments (using a money transfer application also associated with

1

"sincity11372@yahoo.com") to an individual with the Twitter handle "MyiaaMyiaa13" who represented that she was 14 years old. The warrant authorized a search of the premises "and electronic devices found therein."

On September 19, 2019, the government obtained a second search warrant, this one in the Southern District of New York, the district in which Martinez reported to work at the New York City Police Department. That warrant authorized a search of Martinez "and any cellular phones used by" Martinez, and was supported by substantially the same allegations contained in the first warrant. Prior to the execution of these warrants, the government learned that Martinez was, at that time, on military leave at the United States Army Reserve Center in Shoreham, New York (the "Army Reserve Center").

On September 23, 2019, the government obtained a third warrant, this one in the Eastern District to New York, seeking to search and seize Martinez's phone. That search was carried out the following day by the Department of Homeland Security, Homeland Security Investigations ("HSI"), at the Army Reserve Center, where Martinez agreed to be interviewed after being notified of his *Miranda* rights. During that interview, Martinez admitted that "Timmay16961030" was his Twitter account; that an Internet Service Provider account with an IP address connected to "Timmay16961030" was in fact his account; that it was registered to his

2

P-049

Staten Island address; that he used Twitter on his computer, not on his cellular phone; and that he purchased images from "MyiaaMyiaa13." He also made statements mirroring some of the explicit messages written by the user of "Timmay1696103" and sent to "MyiaaMyiaa13."

The agents asked Martinez if they could look at his Hewlett Packard laptop (the "laptop"), which he then powered on and signed into. The agents seized the laptop along with his cellular phone. Martinez was then provided with copies of the two warrants issued in this District, as well as a property voucher. During the interview, Martinez told agents that he "should have known better."

Later that same day, the government made an application for a warrant to search the laptop. That warrant, the last in the series of four, was issued on September 25, 2019. The laptop was found to contain incriminating evidence and on February 27, 2020, Martinez was charged in a two-count indictment with receiving, attempting to receive, and possession of child pornography, in violation of 18 U.S.C. §§ 2252(A)(1), (a)(2)(B) and (a)(5)(b).

On March 29, 2021, Martinez filed a motion to suppress the fruits of the search of his laptop. The motion was referred to Magistrate Judge Ramon E. Reyes who, on November 17, 2021, issued a Report and Recommendation ("Report") finding that the search was lawful pursuant to both the plain view

3

and exigent circumstances exceptions to the Fourth Amendment's warrant requirement. (Dkt. No. 32.) On December 1, 2021, Martinez filed objections to the Report. For the reasons stated herein, this Court affirms and adopts the Report in its entirety.

## DISCUSSION

A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within 10 days of service of the recommendation, any party may file written objections to the magistrate's report. See id. Upon *de novo* review of those portions of the record to which objections were made, the district court judge may affirm or reject the recommendations. See id.

However, "[w]hen a party makes only conclusory, or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Frankel v. City of New York*, 2009 WL 465645, at *2 (E.D.N.Y. Feb. 25, 2009) (collecting cases); *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to attempt to relitigate the entire content

4

of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers.").

In this case, objections were filed by Martinez on December 1, 2021. His objections are threefold. He argues that he did not know the age (or purported age) of "MyiaaMyiaa13" and that he did not say that he was communicating with a "little girl." The third objection is an outgrowth of the other two in that Martinez objects to the statement in the Report that he "admitted that he engaged in sexually explicit conversations with a minor on Twitter." (Dkt. No. 32 at 8.) However, even if all three of these things are true, it would not change the outcome of this motion. Each of the warrants were issued upon a showing of probable cause to believe that Martinez possessed devices that he used in obtaining explicit images of a minor. During the interview, Martinez admitted that he used the "Timmay1696103" handle to communicate with "MyiaaMyiaa13" on the laptop and that he purchased the images. He then voluntarily powered on his laptop and entered its password. These facts are not in dispute.

Neither is the law. The Fourth Amendment protects Martinez from unreasonable seizures, not all seizures. *See* U.S. Const. amend. IV; *see also Horton v. California*, 496 U.S. 128, 136-7, 110 S.Ct. 2301, 2308 (1990) (setting

5

forth the plain view exception to the warrant requirement); *United States v. Gamble*, 388 F.3d 74, 76-77 (2d Cir. 2004) (same); *United States v. Smith*, 2012 WL 5187922, at *5 n. 7 (D. Vt. Oct. 18, 2012) ("[I]t is objectively reasonable under the Fourth Amendment for law enforcement to intervene when the exigency is the need to prevent the imminent destruction of evidence" of child pornography) (internal citation omitted). Martinez makes no objection to the application of these well-established exceptions and, as such, his arguments need not detain us long.

Upon review of the report, this Court finds no clear error. The Court adopts and affirms Magistrate Judge Reyes's Report in its entirety.

**SO ORDERED.**

Dated: January 13, 2022  /s/ Sterling Johnson, Jr.
Brooklyn, New York  Sterling Johnson, Jr., U.S.D.J.