WPC/CWE
F. #2019R01291

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA

   - against -                    Docket No. <u>20-CR-98 (S-2) (FB)</u>

TIMOTHY MARTINEZ,

               Defendant.

– – – – – – – – – – – – – – – – – X

<u>THE GOVERNMENT'S PROPOSED REQUESTS TO CHARGE</u>

BREON PEACE
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

William P. Campos
Chand W. Edwards-Balfour
Assistant U.S. Attorneys
    (Of Counsel)

TABLE OF CONTENTS

PRELIMINARY STATEMENT ......................................................................................... 1

REQUEST NO. 1 (General Requests) ............................................................................... 2

REQUEST NO. 2 (Counts One and Two: Sexual Exploitation and Attempted Sexual Exploitation of a

Child) ................................................................................................................................. 3

REQUEST NO. 3 (Count Three: Receipt and Attempted Receipt of Child Pornography) ..................... 10

REQUEST NO. 4 (Count Four: Possession of Child Pornography) ....................................... 16

REQUEST NO. 5 (Definition: Knowingly and Intentionally) ................................................ 22

REQUEST NO. 6 (Use of Evidence Obtained Pursuant to a Search) ..................................... 23

REQUEST NO. 7 (Testimony of Police Officers and Other Law Enforcement Witnesses) .................. 24

REQUEST NO. 8 (Specific Investigative Techniques Not Required) ...................................... 25

REQUEST NO. 9 (Transcript of Audio Recording) (If Applicable) ....................................... 26

REQUEST NO. 10 (All Available Evidence Need Not Be Produced) ...................................... 27

REQUEST NO. 11 (Redactions) ....................................................................................... 28

REQUEST NO. 12 (Evidence of Uncharged Misconduct) (Punishment) ................................ 29

REQUEST NO. 13 (Punishment) ……………………………… .. …………………………..30

REQUEST NO. 14 (Interview of Witnesses) (If Applicable) ……………………………… 31

REQUEST NO. 15 (Impeachment – Prior Inconsistent Statement) (If Applicable) ….. . …. 32

REQUEST NO. 16 (Admission of Defendant) ……………… .. …………………………..   33

 REQUEST NO. 17 (Consciousness of Guilt from False Exculpatory Statement)

      (If Applicable) …………………………….. ………….. …………………… .. ..   34

i

REQUEST NO. 18 (Charts and Summaries Admitted as Evidence) ……………………….. 35

REQUEST NO. 19 (Uncalled Witness Equally Available) (If Applicable) ……………… 36

REQUEST NO. 20 (All Available Evidence Need Not Be Produced) ……………. …… 37

REQUEST NO. 21 (Variance-Dates) ……………………….………………………….. 38

REQUEST NO. 22 (Venue) (If Applicable) …………………………...………………… 39

Proposed Verdict Sheet ................................................................................................... 40

CONCLUSION ................................................................................................................ 42

## PRELIMINARY STATEMENT

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the government respectfully requests that the Court include the following instructions in its charge to the jury, and requests leave to offer additional instructions as may become appropriate during the course of the trial.

The government respectfully requests that copies of the second Superseding Indictment and the jury instructions be provided to the jurors during their deliberations.

Additionally, the government requests that exhibits containing child pornography be provided to the jurors in redacted form, with the images and videos constituting child pornography made available at the jurors' request in the courtroom.

REQUEST NO. 1
(General Requests)

The government requests that the Court charge the jury in its usual manner on the following subjects:

(a)    The Role of the Court and the Duties of the Jury;

(b)    Equality of the Parties Before the Court;

(c)    Jury Communications with Lawyers and the Court;

(d)    Presumption of Innocence;

(e)    Burden of Proof and Reasonable Doubt;

(f)    Circumstantial Evidence and Direct Evidence;

(g)    Function of the Indictment and What Is Not Evidence;

(h)    Permissible Inferences Drawn from the Evidence;

(i)    Stipulations and Objections;

(j)    Discrepancies in Testimony;

(k)    No Inference to Be Drawn from Defendant's Failure to Testify (if applicable);

(l)    Testimony of the Defendant (if applicable);

(m)    Deliberations;

(n)    And means Or;

(o)    Right to See Exhibits and Have Testimony Read During Deliberations;

(p)    Questioning Wisdom of Law and Basing Verdict on Sympathy or Prejudice Prohibited; and

(q)    Verdict must be Unanimous.

REQUEST NO. 2

(Counts One and Two: Sexual Exploitation and Attempted Sexual Exploitation of a Child)

The defendant has been formally charged in a second Superseding Indictment, which I will simply call the Indictment.  As I instructed you at the outset of this case, an indictment is a charge or accusation.  Counts One and Two in the Indictment in this case allege that the defendant attempted to use a minor for the purpose of creating child pornography.

Specifically, Counts One and Two in the Indictment reads as follows:

On or about and between the dates set forth below, all dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant TIMOTHY MARTINEZ did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, and attempt to do so, to wit: the minors set forth below whose identities are known to the Grand Jury, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using any means and facility of interstate and foreign commerce and which would be in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

| Count | Date | Minor |
|-------|------|-------|
| ONE | October 2016 to March 2017 | Jane Doe-1 |
| TWO | September 3, 2012 to November 2016 | Jane Doe-2 |

The counts charge the defendant with violating Title 18, United States Code, Section 2251(e).  That section provides, in relevant part, that:

Any individual who violates, or attempts to violate [Title 18, United States Code, Section 2251] shall be [guilty of a crime]

3

In order to prove the defendant's guilt for attempt, the government must prove two elements as to Count One and Count Two:

First, that the defendant intended to commit the crime of sexual exploitation of a child.  I will explain the elements of that crime to you in just a moment; and

Second, that the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.

I will now explain to you what is required to prove that a defendant committed the crime of sexual exploitation of a child.  The defendant here is charged with attempting to sexually exploit a child, and alternatively with sexually exploiting a child.  Although I am about to explain the elements of sexual exploitation of a child to you, in order find the defendant guilty of the attempt crimes charged in Count One and Count Two, you do not need to find that he committed these crimes and fulfilled each of the elements I am about to describe to you.  You need only to find that he intended to commit the crime of sexual exploitation of a child and took a substantial step in an effort to bring that about.  I will explain the underlying substantive crime of sexual exploitation of a child so you can determine whether it was the defendant's intent to commit that crime, or whether he in fact committed that crime.

Title 18, United States Code, Section 2251(a), the substantive crime of sexual exploitation of a child, provides in relevant part:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct …, shall be [guilty of a crime], if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or

affecting interstate or foreign commerce by any means, including
by computer, or if such visual depiction has actually been
transported or transmitted using any means or facility of interstate
or foreign commerce or in or affecting interstate or foreign
commerce or mailed.

The substantive crime requires proof of three elements:

First, that the victim was under the age of 18;

Second, that the defendant used, employed, persuaded, induced, enticed or

coerced the victim to take part in sexually explicit conduct for the purpose of producing or

transmitting a visual depiction of that conduct; and

Third, that the visual depiction was mailed or actually transported or transmitted

in or affecting interstate or foreign commerce, or that the defendant knew or had reason to know

that the visual depiction would be mailed or transported or transmitted in or affecting interstate

or foreign commerce, or that the visual depiction was produced using materials that had been

mailed or transported in or affecting interstate or foreign commerce.

As to the first element, the government must prove beyond a reasonable doubt

that the victim was younger than 18 years old at the time of the acts alleged in the Indictment.

The government does not need to prove that a defendant knew that the victim was younger than

18 years old.

As to the second element, the words "persuade," "induce" and "entice" are, in

effect, synonyms that convey the idea of leading or moving another person, by persuasion or

influence, to some action, state of mind, etc., or to bring about, produce or cause.  The word

"coerce" means to compel by force, intimidation, or authority, without regard for individual

desire or volition.  Otherwise, I instruct you that the words "used," "employed," "persuaded,"

"induced," "enticed" and "coerced" are words of common usage, and I instruct you to interpret

these words by using your own common sense.  The government must prove only that a defendant took one of those actions and not that the defendant did each and all of these things. Put another way, if a defendant "used," or "employed," or "persuaded," or "induced," "enticed" or "coerced" a minor, any one of those terms is sufficient to satisfy this element of the crime.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

The term "lascivious exhibition" means a depiction that displays the genitals or pubic area of a person under the age of 18 in order to excite lustfulness or sexual stimulation in the viewer.  Not every exposure of the genitals or pubic area constitutes lascivious exhibition.  In deciding whether a particular visual depiction constitutes a lascivious exhibition, you should consider the following questions:  Whether the focal point of the visual depiction is of the child's genitals or pubic area, or whether there is some other focal area; whether the setting of the visual depictions makes it appear to be sexually suggestive, for example, in a place or pose generally associated with sexual activity; whether the child is displayed in an unnatural pose or in inappropriate attire, considering the age of the child; whether the child is fully or partially clothed or nude, although nudity is not in and of itself lascivious; and whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity.

A "visual depiction" includes any photograph, video, data stored on computer disc or by electronic means which is capable of conversion into a visual image or data that is capable of conversion into a visual image that has been transmitted by any means.  A visual depiction includes a digitally recorded photograph or video.

6

It is not required that a particular visual depiction involve all of the factors that I have listed for you. The importance you give to any one factor is up to you to decide.

As to the third element of sexual exploitation of a child, there are three alternative ways in which that element may be satisfied. To satisfy the third element, the government must prove only one of the following beyond a reasonable doubt.

The first way the government may satisfy its burden as to the third element is by proving beyond a reasonable doubt that the visual depiction was actually transported or transmitted in or affecting interstate or foreign commerce. This means that the visual depiction crossed between one state and another or between the United States and a foreign country. Transmissions of photographs or videos by means of the Internet constitutes transportation in interstate commerce.

The second way the third element may be satisfied is by proving beyond a reasonable doubt that a defendant knew or had reason to know that the visual depiction would be transported or transmitted in or affecting interstate or foreign commerce.

In order to prove the third element in this manner, the government must prove that a defendant knew or had reason to know that the visual depiction would be transported or transmitted in or affecting interstate or foreign commerce or that the defendant had reason to know that the transportation or transmission would occur because it was reasonably foreseeable that the defendant's activities would result in the depiction's transportation or transmission in or affecting interstate commerce.

"Interstate or foreign commerce" means simply, movement between one state and another or between the United States and a foreign country. Transmissions of photographs or videos by means of the Internet constitutes transportation in interstate commerce.

7

The third and final way the third element of sexual exploitation of a child may be satisfied is by proving beyond a reasonable doubt that the visual depiction was produced using materials that had been mailed or transported or transmitted in or affecting interstate or foreign commerce.

Simply stated, the phrase "transported in interstate or foreign commerce" means that the materials used to produce the visual depiction had previously moved from one state to another or between the United States and another country.  If the device or devices were manufactured outside the state of New York, that is sufficient to satisfy this element.  A defendant need not personally transport the device or devices across a state line, or know that the device or devices had previously crossed a state line.

Whether or not a minor consented to engage in sexually explicit conduct is irrelevant, as the consent or voluntary participation of a minor is not a defense to the charge.

I remind you that the defendant here is charged with attempting to sexually exploit a child and with sexually exploiting a child.  In order to find the defendant guilty of attempted sexual exploitation of a child, you must find that the defendant intended to commit the crime of sexual exploitation of a child, which I just described to you, and that the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.  To find the defendant guilty of sexual exploitation of a minor you must find that the government proved each element previously described beyond a reasonable doubt.

Mere intention to commit a specific crime does not amount to an attempt.  In order to convict the defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged, and that he took some action which was a substantial step toward the commission of that crime.

8

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other.  Mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt.  The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

Authority

Adapted from Sand, Modern Federal Jury Instructions, Instruction 10-1.

Adapted from Sand, Instructions 62-1 to 62-9; United States v. X-Citement Video, Inc., 513 U.S. 64, 77 (1994); the charges of Hon. Nicholas G. Garaufis given on April 11, 2012, United States v. Ledee, 11-CR-175 (E.D.N.Y.).

<u>REQUEST NO. 3</u>
(Count Three: Receipt and Attempted Receipt of Child Pornography)

Count Three in the Indictment charges the defendant with receipt or attempted receipt of child pornography.

Counts Three of the Indictment reads as follows:

In or about June 2018, within the Eastern District of New York and elsewhere, the defendant TIMOTHY MARTINEZ did knowingly and intentionally receive and attempt to receive one or more visual depictions, to wit: digital videos and images available at Internet links https://t.co/qxFeBVigHa, https://t.co/GXJ1yAisPm, https://t.co/34l1XRyhhy, https://t.co/t3wTapRsPm, https://t.co/HQsi8sSJUG, https://t.co/65xwVI4Jy7, https://t.co/7cCcoJTLhH, https://t.co/Xmz75WPKfT and https://t.co/BKnXjQZhW6, using a means and facility of interstate and foreign commerce, and which visual depictions had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been mailed and so shipped and transported, by any means including by computer, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions having been of such conduct.

(Title 18, United States Code, Sections 2252(a)(2), 2252(b)(1) and 3551 <u>et</u> <u>seq</u>.)

Count Three of the Indictment charges the defendant with violating Section 2252(a)(2) of Title 18 of the United States Code.  That section provides, in relevant part:

Any person who knowingly receives . . . any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if – (A)   the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B)  such visual depiction is of such conduct; [shall be guilty of a crime].

10

Count Three also charges the defendant with violating Title 18, United States Code, Section 2252(b)(2).  That section provides, in relevant part, that:

> Whoever violates, or attempts or conspires to violate, paragraph . . . (2) . . . of subsection (a) shall [be guilty of a crime].

In order to prove the defendant guilty of receiving child pornography, the government must prove each of the following four elements beyond a reasonable doubt:

First, that the defendant knowingly received a visual depiction;

Second, that the visual depiction was received using a means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce;

Third, that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrayed that minor engaged in that conduct; and

Fourth, that the defendant knew that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrayed a minor engaged in that conduct.

As to the first element of receipt of child pornography, the government must prove beyond a reasonable doubt that the defendant knowingly received a visual depiction.

You have already been instructed on the meaning of the term "visual depiction." To receive a visual depiction means to take possession of it.  This includes the knowing acceptance of a depiction previously requested.  Receiving includes the downloading of an image or video by means of the Internet.

The government must prove that defendant received the depiction knowingly.  In this case, the term "knowingly" refers to an awareness of the sexually explicit nature of the material, and to the knowledge that the visual depictions were in fact of an actual minor engaged in that sexually explicit conduct.  An act is done knowingly if done voluntarily or intentionally but

11

not because of mistake, accident or other innocent reason.  An act is done intentionally if done voluntarily and with the specific intent to do something the law forbids.

The defendant need not be aware of the specific law or rule that his conduct may be violating but he must act with the specific intent to do whatever it is the law forbids.  The defendant's knowledge is a matter of inference from facts proved.  These issues of knowledge and intent require you to make a determination about the defendant's state of mind, something that rarely can be proven directly.  A wise and careful consideration of all the circumstances of the case may, however, permit to you make such a determination as to the state of mind of the defendant. Indeed, in your everyday affairs you frequently are called upon to determine a person's state of mind from his or her words and actions in a given circumstance.  You are asked to do the same here.

The government must show that the defendant had knowledge of the general nature of the contents of the material.  The defendant need not have specific knowledge as to the identity or actual age of the minor depicted, but the defendant must have knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexually explicit conduct.  Such knowledge may be shown by direct or circumstantial evidence, or both.  Eyewitness testimony of the defendant's viewing of the material is not necessary to prove his awareness of its contents; the circumstances may warrant an inference that he was aware of what the material depicts. Furthermore, the defendant's belief as to the legality or illegality of the material is irrelevant.

As to the <u>second element</u> of receipt of child pornography, the government must prove beyond a reasonable doubt that the visual depiction was received using a means and facility of interstate and foreign commerce, or mailed or transported in or affecting interstate or foreign commerce.

The Indictment alleges that the visual depiction was received using a means and facility of interstate and foreign commerce and had actually been transported in interstate or foreign commerce.

As to the third element of receipt of child pornography, the government must prove beyond a reasonable doubt that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as I have already explained that term to you, and portrays that minor engaged in that conduct. A "minor" is defined as a real person under the age of eighteen. The government does not have to prove the identity of the minor or the exact age of the minor. You may consider all the evidence, including your viewing of the depiction, in determining whether the depiction portrayed an actual person under the age of eighteen engaging in sexually explicit conduct.

I have already instructed you that the visual depiction must be of a real person under the age of eighteen engaging in sexually explicit conduct. I reiterate that the government does not have to prove the identity of the minor or the exact age of the minor. You may consider all of the evidence in determining whether the depiction portrayed an actual person under the age of eighteen engaging in sexually explicit conduct.

As to the fourth element of receipt of child pornography, the government must prove beyond a reasonable doubt that the defendant knew both that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and that it portrayed a minor engaged in that conduct.

As I stated before, an act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

13

In this case, the term "knowingly" refers to an awareness of the sexually explicit nature of the material and to the knowledge that the visual depiction was in fact of an actual minor engaged in that sexually explicit conduct.

The government must show that the defendant had knowledge of the general nature of the contents of the material. The defendant need not have specific knowledge as to the identity or actual age of the minor depicted, but the defendant must have knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexually explicit conduct. Such knowledge may be shown by direct or circumstantial evidence, or both. Eyewitness testimony of the defendant's viewing of the material is not necessary to prove his awareness of its contents; the circumstances may warrant an inference that he was aware of what the material depicts. Furthermore, the defendant's belief as to the legality or illegality of the material is irrelevant.

Before you can find that the defendant acted intentionally, you must be satisfied beyond a reasonable doubt that the defendant acted deliberately and purposefully. That is, the defendant's acts must have been the product of defendant's conscious objective rather than the product of a mistake or accident. The intent with which an act is done is more often shown by the act itself or by a series of acts than by statements made long after its occurrence. Frequently the acts of individuals speak their intentions more clearly than do their words. The adage, actions speak louder than words, applies here. Accordingly, knowledge and intent are usually established by surrounding facts and circumstances as of the time the acts in question occurred, or the events took place, and the reasonable inferences to be drawn from them.

Because this charge also includes an attempt, in order to prove the defendant's guilt, the government can meet its burden for Count Three if it proves two elements as to Count Three:

14

First, that the defendant intended to commit the crime of receipt of child pornography; and

Second, that the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.

In order to find the defendant guilty of attempted receipt of child pornography, you must find that the defendant intended to commit the crime of receipt of child pornography, which I just described to you, and that the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.

As I mentioned before, mere intention to commit a specific crime does not amount to an attempt. In order to convict the defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged, and that he took some action which was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt. The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

Authority

Adapted from Sand, et al., 3-62 Modern Federal Jury Instructions-Criminal P 62.02, Instructions 62-12, 62-14, 62-19, 62-22, 62-23 and 62-24; and charge of the Honorable Nicholas G. Garaufis in United States v. Ledee, 11-CR-175 (NGG) (E.D.N.Y. Apr. 11, 2012), at 40-43.

15

<u>REQUEST NO. 4</u>
(Count Four: Possession of Child Pornography)

The Count Four in the Indictment charges the defendant with possession of child pornography.

The count reads as follows:

In or about and between October 2016 and September 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant TIMOTHY MARTINEZ did knowingly and intentionally possess matter which contained one or more visual depictions, to wit: digital videos and images stored on a Toshiba laptop with serial number FF184805C and an HP laptop with serial number CND63726BZ, that had been mailed, and had been shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which were produced using materials which had been mailed and so shipped and transported, by any means including by computer, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions having been of such conduct.

(Title 18, United States Code, Sections 2252(a)(4)(B), 2252(b)(2) and 3551 <u>et</u> <u>seq</u>.)

Count Four of the Indictment charges the defendant with violating Section 2252(a)(4)(B) of Title 18 of the United States Code.  That section provides, in relevant part:

Any person who knowingly possesses, . . . , one or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct [shall be guilty of a crime].

In order to prove that the defendant possessed child pornography, it is necessary that the evidence establish beyond a reasonable doubt:

16

First, that the defendant knowingly possessed matter containing one or more visual depictions;

Second, that the visual depiction had been transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or the visual depiction was produced using materials that had been transported in interstate or foreign commerce;

Third, that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrayed that minor engaged in that conduct; and

Fourth, that the defendant knew that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction portrayed a minor engaged in that conduct.

The first element that the government must prove beyond a reasonable doubt is that the defendant knowingly possessed matter containing one or more visual depictions. An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

To "possess" something means to have it within a person's control. This does not necessarily mean that the person must hold it physically, that is have actual possession of it. As long as the visual depiction is within the defendant's control, he possesses it. If you find that the defendant either had actual possession of the depiction, or that he had the power and intention to exercise control over it, even though it was not in his physical possession, you may find that the government has proven possession.

The law also recognizes that possession may be sole or joint. If one person alone possesses it, that is sole possession. However, it is possible that more than one person may have

17

the power and intention to exercise control over the visual depiction.  This is called joint possession.  If you find that the defendant had such power and intention, then he possessed the depiction even if he possessed it jointly with another person.

A "visual depiction" includes any photograph, film, video, or picture, including undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

The second element that the government must prove beyond a reasonable doubt is that the visual depiction had been mailed or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or produced using materials which had been transported in interstate or foreign commerce.  The government may prove this element in several ways.

The government may prove this second element by showing that the materials used to produce the visual depiction had previously moved from one state to another or between the United States and another country.  "Producing" a visual depiction includes copying, transferring, storing or saving the visual depiction to a computer or to any electronic disc or drive.[1]  Here, the government alleges that the computer equipment used to store the visual depictions in question was manufactured outside of New York.  I instruct you that if you find that such computer equipment was manufactured outside of New York, that is sufficient to satisfy the second element.

---

[1] See, e.g., 18 U.S.C.A. § 2256 (3) (defining "producing" as "producing, directing, manufacturing, issuing, publishing, or advertising"); United States v. Boles, 914 F.3d 95, 108 (2d Cir. 2019), cert. denied, 139 S. Ct. 2659 (2019) ("[T]he plain meaning of the word 'produced' would include producing or making a copy."); United States v. Angle, 234 F.3d 326, 341 (7th Cir. 2000) (computer graphic files are "produced" when computer equipment that has traveled in interstate commerce is used to download or copy the images); United States v. Guagliardo, 278 F.3d 868, 870-71 (9th Cir. 2002) (quoting 18 U.S.C.A. § 2252A(a)(5)(B)) (government can prove that a visual depiction was "produced using material that had been mailed, shipped, or transported in interstate or foreign commerce" by establishing that the visual depiction was saved or copied onto a CD-R that had been manufactured abroad).

The government does not have to prove that the defendant personally transported the computer equipment across a state line, that the defendant knew that the computer equipment had previously crossed a state line, or that the computer equipment was used to create the visual depictions in the first instance.

The government may also prove the second element by showing that the visual depictions were created outside of New York State, and therefore had moved across state lines at some point.[2]  The defendant does not need to be responsible for the interstate movement.

The government may also prove the second element by showing that the specific images or video in question were transmitted by means of the internet.

The third element that the government must prove beyond a reasonable doubt is that the production of the visual depictions involved the use of an actual or real minor engaging in sexually explicit conduct, and portrayed that minor engaged in that conduct.

A "minor" is defined as a real person under the age of eighteen.  The government does not have to prove the identity of the minor or the exact age of the minor.  You may consider all the evidence, including your viewing of the depiction, in determining whether the depiction portrayed an actual person under the age of eighteen engaging in sexually explicit conduct.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, digital-genital, anal-genital, or oral-anal, whether between persons of

---

[2] See United States v. Lynn, 636 F.3d 1127, 1133-36 (9th Cir. 2011), as amended on denial of reh'g and reh'g en banc (May 31, 2011) (evidence that a video depicting child pornography was originally produced in another state suffices for a rational trier of fact to find that the visual depiction "has been mailed, or has been shipped or transported in interstate or foreign commerce"); United States v. Venson, 82 F. App'x 330, 332 (5th Cir. 2003) (jury justified in finding that images had moved in interstate commerce in trial for possession and receipt of child pornography when government provided evidence that the images had been produced in Texas, the images had been placed on the internet at the time they were produced, and that the defendant admitting to downloading images off the internet).

the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

As discussed previously, the term "lascivious exhibition" means a depiction that displays the genitals or pubic area of a person under the age of 18 in order to excite lustfulness or sexual stimulation in the viewer.  Not every exposure of the genitals or pubic area constitutes lascivious exhibition.  In deciding whether a particular visual depiction constitutes a lascivious exhibition, you should consider the following questions:  Whether the focal point of the visual depiction is of the child's genitals or pubic area, or whether there is some other focal area; whether the setting of the visual depictions makes it appear to be sexually suggestive, for example, in a place or pose generally associated with sexual activity; whether the child is displayed in an unnatural pose or in inappropriate attire, considering the age of the child; whether the child is fully or partially clothed or nude, although nudity is not in and of itself lascivious; and whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity.

Of course, in order for a visual depiction to be lascivious, all five factors need not be present and the list of factors is not mandatory, exclusive or exhaustive.  Instead, you must determine whether the visual depiction is lascivious based on its overall content, taking into account the age of the minor.  It is for you to decide the weight or lack of weight to be given to these or any other factors you find relevant.

The fourth element that the government must prove beyond a reasonable doubt is that the defendant knew both that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and that it portrayed a minor engaged in that conduct.

As I stated before, an act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.  In this case, the

term "knowingly" refers to an awareness of the sexually explicit nature of the material, and to the knowledge that the visual depictions were in fact of actual minors engaged in that sexually explicit conduct.

The government must show that the defendant had knowledge of the general nature of the contents of the material. The defendant need not have specific knowledge as to the identity or actual age of the underage performer, but the defendant must have knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexually explicit conduct. Such knowledge may be shown by direct or circumstantial evidence, or both. Eyewitness testimony of the defendant's viewing of the material is not necessary to prove his awareness of its contents; the circumstances may warrant an inference that he was aware of what the material depicts. Furthermore, the defendant's belief as to the legality or illegality of the material is irrelevant.

<u>Authority</u>

Adapted from Sand et al., 3-62 <u>Modern Federal Jury Instructions-Criminal</u> ¶ 62.02, Instructions 62-12 (Elements of Offense), 62-17 (First Element – Possession), 62-19 (Second Element – Visual Depiction Actually Moved in Interstate Commerce), 62-20 (Second Element – Materials Previously Moved in Interstate Commerce), 62-22 (Third Element – Visual Depiction of Sexually Explicit Conduct), 62-23 (Sexually Explicit Conduct Defined) and 62-24 (Fourth Element – Defendant Acted Knowingly); charges of the Hon. Arthur D. Spatt, <u>United States v. Fernando Clarke</u>, No. 15-CR-426 (ADS) (E.D.N.Y.).

REQUEST NO. 5
(Definition: Knowingly and Intentionally)

As I have just instructed you, an element of the offenses charged in Counts One through Four for which the government must establish is that the Defendant knowingly and intentionally engaged in the charged conduct.

An act is done "knowingly" if it is done voluntarily and purposefully and not because of mistake, accident, mere negligence or any other innocent reason.  In determining whether the Defendant has acted knowingly and intentionally, the government must show that the Defendant knew what he was doing.  It is not necessary, however, for the government to establish that the Defendant knew that he was breaking any particular law or any particular rule.

Before you can find that the defendant acted intentionally, you must be satisfied beyond a reasonable doubt that the defendant acted deliberately and purposefully.  That is, the defendant's acts must have been the product of defendant's conscious objective rather than the product of a mistake or accident.  The intent with which an act is done is more often shown by the act itself or by a series of acts than by statements made long after its occurrence. Frequently the acts of individuals speak their intentions more clearly than do their words.  The adage, actions speak louder than words, applies here.  Accordingly, knowledge and intent are usually established by surrounding facts and circumstances as of the time the acts in question occurred, or the events took place, and the reasonable inferences to be drawn from them.

Authority

Adapted from Sand, et al., 1-3A Modern Federal Jury Instructions-Criminal P 3A.01, [Knowingly] Instruction 3A-1 and [Intentionally] Instruction 3A-4; Federal Jury Practice and Instructions, Section 17.07.

REQUEST NO. 6
(Use of Evidence Obtained Pursuant to a Search)

You have heard testimony about evidence seized from the defendant during a search at the defendant's residence.  Evidence obtained from this search was properly admitted in this case and may be considered by you.  Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the government has proved the defendant's guilty beyond a reasonable doubt.

Authority

See United States v. Dennis Gaito, 99-CR-1167 (JG) (ECF No. 174, Jury Charge).

REQUEST NO. 7
(Testimony of Police Officers and Other Law Enforcement Witnesses)

During the trial, you have heard the testimony of law enforcement officials. Because a witness is a government employee or law enforcement officer does not mean that his or her testimony is entitled to any greater weight by reason of that fact. By the same token, his or her testimony is not entitled to less consideration because he or she is a government employee or law enforcement officer. You should consider the testimony of law enforcement officers as you would any other evidence in this case and evaluate their credibility in the same manner as you would that of any other witness.

Authority

Adapted from the charges of the Hon. I. Leo Glasser in <u>United States v. Buntin McPherson</u>, E.D.N.Y., 90 CR 896 (ILG), and the Hon. LaShann DeArcy Hall in <u>United States v. Williams</u>, 15 CR 499 (E.D.N.Y.).

<u>REQUEST NO. 8</u>
(Specific Investigative Techniques Not Required)

During the trial, you may have heard testimony of witnesses and argument by

counsel that the government did not employ specific investigative techniques.  You may consider

these facts in deciding whether the government has met its burden of proof.  However, you are

instructed that there is no legal requirement that the government use any specific investigative

techniques or that it pursue every investigative lead to prove its case.  You should not speculate

as to why the government used the techniques it did or why it did not use other techniques.  Law

enforcement techniques are not your concern.  Your concern, as I have said, is to determine

whether or not, based upon all the evidence in the case, the defendant has been proved guilty

beyond a reasonable doubt.

<u>Authority</u>

Adapted from Sand, Instruction No. 4-4; the charges of Hon. Brian M. Cogan, <u>United States v. Wilson</u>, 08 CR 690 (E.D.N.Y.); Hon. I. Leo Glasser, <u>United States v. Breheney</u>, 94 CR 244 (E.D.N.Y.); Hon. LaShall DeArcy Hall, <u>United States v. Hightower</u>, 19 CR 459 (E.D.N.Y.); <u>United States v. Knox</u>, 687 Fed. App'x 51, 54-55 (2d Cir. 2017).

25

<u>REQUEST NO. 9</u>
(Transcript of Audio Recording)
(If Applicable)

During the course of the trial, you were given a transcript to assist you in listening to an audio recording.  However, the transcript is not in and of itself evidence.  If the transcript appeared to you to vary from the recording in any respect, it is what you heard that is controlling.  You the jury are the sole judge of the facts.

<u>Authority</u>

Adapted from Sand, Instruction 5-9; the charges in <u>United States v. Ben-Shimon</u>, 249 F.3d 98 (2d Cir. 2001); <u>United States v. Bahadar</u>, 954 F.2d 821 (2d Cir. 1992); <u>United States v. Bonnano</u>, 487 F.2d 654 (2d Cir. 1973); charge of Hon. LaShann DeArcy Hall, <u>United States v. Hightower</u>, 19 CR 459 (E.D.N.Y.).

REQUEST NO. 10
(All Available Evidence Need Not Be Produced)

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned during the course of the trial.

Authority

Adapted from charge of Hon. Roslynn R. Mauskopf, United States v. Gales, 17 CR 287 (E.D.N.Y.); E. Devitt & C. Blackmar, Federal Jury Practice and Instructions, Instruction No. 72.11 (3d ed. 1977).

27

## REQUEST NO. 11
(Redactions)

Among the exhibits received in evidence, there are some exhibits that are redacted.  "Redacted" means that part of the document—whether it is paper or audio—was taken out.  Any redacted portions of any exhibit are not themselves evidence, and you are to concern yourself only with the part of the exhibit that has been admitted into evidence.  You should not speculate as to why the exhibit was redacted and what might be contained in any redacted portions of the exhibit.

## Authority

Adapted from charges of Hon. Kiyo A. Matsumoto, United States v. Greebel, 15 CR 637 (E.D.N.Y.); Hon. Kimba M. Wood, United States v. Cespedes-Pena, 14 CR 520 (S.D.N.Y.); and Hon. LaShall DeArcy Hall, United States v. Hightower, 19 CR 459 (E.D.N.Y.).

28

REQUEST NO. 12
(Evidence of Uncharged Misconduct)
(If Applicable)

The government has offered evidence tending to show that on different occasions the defendant engaged in other criminal activity.

In that connection, let me remind you that the defendant is not on trial for committing acts not alleged in the Indictment.  Accordingly, you may not use this evidence to conclude that because the defendant committed the other acts he must also have committed the acts charged in the Indictment.  Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character.  The evidence of the other acts was admitted for a much more limited purpose and you may consider it only for that limited purpose.  The purposes for which such evidence is admitted are as follows:

(1)  As evidence of the defendant's motivation.

(2)  As evidence that the Defendant acted intentionally and knowingly with regard to his actions with Jane Doe #1 and Jane Doe #2.

This evidence may not be considered by you for any other purpose.  In particular, you may not use this evidence to conclude that because the defendant committed the other acts he must also have committed the acts charged in the Indictment.

Authority

United States v. Schaffer, 851 F.3d 166 (2d Cir. 2017); United States v. Ledee, 11-CR-175 (NGG) (E.D.N.Y.)

29

REQUEST NO. 13
(Punishment)

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

Authority

Adapted from Sand Instruction No. 9-1.

REQUEST NO. 14
(Interview of Witnesses)
(If Applicable)

There was testimony at trial that the attorneys for the government interviewed witnesses when preparing for and during the course of the trial.  You must not draw any unfavorable inference from that fact.

On the contrary, attorneys are obliged to prepare their case as thoroughly as possible and one way to accomplish this is to properly interview witnesses before trial and as necessary throughout the course of the trial.

Authority

Adapted from charges of Hon. I. Leo Glasser in United States v. Brady, et al., 92 CR 792 (E.D.N.Y.); and Hon. Kiyo A. Matsumoto, United States v. Greebel, 15 CR 637 (E.D.N.Y.).

31

<u>REQUEST NO. 15</u>
(Impeachment – Prior Inconsistent Statement)
(If Applicable)

You have heard evidence that a witness made a statement on an earlier occasion that counsel argues is inconsistent with the witness's trial testimony.  Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt.  Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself.  If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

<u>Authority</u>

Adapted from Sand, Instruction 7-19.

32

REQUEST NO. 16
(Admission of Defendant)

There has been evidence that the defendant made certain statements in which the government claims he admitted certain facts.

In deciding what weight to give the defendant's statements, you should first examine with great care whether each statement was made and whether, in fact, it was voluntarily and understandingly made.  I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence.

Authority

Adapted from Sand et al., 1-5 Modern Federal Jury Instructions-Criminal ¶ 5.07, Instruction 5-19 (Admission of Defendant); charges of the Hon. Arthur D. Spatt, United States v. Fernando Clarke, No. 15-CR-426 (ADS) (E.D.N.Y.).

<u>REQUEST NO. 17</u>
(Consciousness of Guilt from False Exculpatory Statement)
(If Applicable)

You have heard testimony that the defendant made certain statements outside the courtroom to law enforcement authorities in which the defendant claimed that his conduct was consistent with innocence and not with guilt.  The government claims that these statements in which he exonerated or exculpated himself are false.

If you find that the defendant gave a false statement in order to divert suspicion from himself, you may, but are not required to, infer that the defendant believed that he was guilty. You may not, however, infer on the basis of this alone, that the defendant is, in fact, guilty of the crime for which he is charged.

Whether the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

<u>Authority</u>

Adapted from Sand et al., 1-6 <u>Modern Federal Jury Instructions-Criminal</u> ¶ 6.05, Instruction 6-11 (Consciousness of Guilt from False Exculpatory Statement).

34

REQUEST NO. 18
(Charts and Summaries Admitted as Evidence)
(If Applicable)

The government (*or* defense) has presented exhibits in the form of charts and summaries.  I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

Authority

Adapted from Sand et al., 1-5 Modern Federal Jury Instructions-Criminal ¶ 5.05, Instruction 5-12 (Charts and Summaries (Admitted as Evidence)).

REQUEST NO. 19
(Uncalled Witness Equally Available)
(If Applicable)

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify, and one or more of the attorneys has referred to their absence from the trial.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Authority

Adapted from Sand et al., 1-6 Modern Federal Jury Instructions-Criminal ¶ 6.04, Instruction 6-7 (Uncalled Witness Equally Available).

36

REQUEST NO. 20
(All Available Evidence Need Not Be Produced)

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned during the course of the trial.

Authority

Adapted from the charges of the Hon. Kiyo A. Matsumoto, United States v. Barret et al., No. 10-CR-809 (KAM) (E.D.N.Y.); the Hon. Sterling Johnson, United States v. Scalisi, No. 10-CR-46 (SJ) (E.D.N.Y.); E. Devitt & C. Blackmar, Federal Jury Practice and Instructions, Instruction 72.11 (3d ed. 1977).

37

REQUEST NO. 21
(Variance-Dates)

While we are on the subject of the elements, I should draw your attention to the fact that it does not matter if the Indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date. The law only requires a substantial similarity between the dates alleged in the Indictment and the date established by testimony or exhibits.

Authority

1 Sand, et al., Modern Federal Jury Instructions, Instruction No. 3-12.

38

<u>REQUEST NO. 22</u>
(Venue)
(If Necessary)

In addition to the foregoing elements of the offense, you must consider whether any act in furtherance of the crime occurred within the Eastern District of New York.

You are instructed that District encompasses the counties of Suffolk, Nassau, Kings (Brooklyn), Queens, and Richmond (Staten Island).

In this regard, the government need not prove that the crime itself was committed in this district or that the defendant himself was present here. It is sufficient to satisfy this element if any act in furtherance of the crime occurred within this district. If you find that the government has failed to prove that any act in furtherance of the crime occurred within this district—then you must acquit.

<u>Authority</u>

Modified from 1 Sand, <u>et al</u>., <u>Modern Federal Jury Instructions</u>, Instruction No. 3-11.

WPC/CWE
F. #2019R01291

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA

    - against -                           Docket No. <u>20-CR-98 (S-2) (FB)</u>

TIMOTHY MARTINEZ,                        <u>VERDICT SHEET</u>

           Defendant.

– – – – – – – – – – – – – – – – X

## **COUNT ONE**
(Sexual Exploitation and Attempted Sexual Exploitation of a Child)

How do you find the defendant as to Count One in the second superseding indictment?

      Not Guilty _____      Guilty _____

## **COUNT TWO**
(Sexual Exploitation and Attempted Sexual Exploitation of a Child)

How do you find the defendant as to Count One in the second superseding indictment?

      Not Guilty _____      Guilty _____

## **COUNT THREE**
(Receipt and Attempted Receipt of Child Pornography)

How do you find the defendant as to Count Two in the second superseding indictment?

      Not Guilty _____      Guilty _____

## **<u>COUNT FOUR</u>**
(Possession of Child Pornography)

How do you find the defendant as to Count Three in the second superseding indictment?

    Not Guilty _____Guilty _____

_____
Jury Foreperson

41

CONCLUSION

The government respectfully request that the Court include the foregoing in its instructions to the jury and adopt the proposed verdict sheet.  In addition, the government requests the opportunity to submit further instructions or amend those submitted as appropriate.

Dated:          Brooklyn, New York
                April 27, 2023


                                        Respectfully submitted,

                                        BREON PEACE
                                        United States Attorney

                             By:        _____/s/_____
                                        William P. Campos
                                        Chand W. Edwards-Balfour
                                        Assistant U.S. Attorney
                                        (718) 254-7000



cc:     Clerk of the Court (FB) (by Email and ECF)
        Defense Counsel of Record (by Email and ECF)

42