UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-against-<br><br>TIMOTHY MARTINEZ,<br><br>Defendant. | **MEMORANDUM AND ORDER**<br><br>Case No. 20-CR-98 (S-2) (FB) |

*Appearances:*
*For the United States:*
BREON PEACE
UNITED STATES
ATTORNEY
Eastern District of New York
271 Cadman Plaza East

*For the Defendant:*
PETER E. BRILL
BRILL LEGAL GROUP, P.C.
176 Lexington Avenue
Suite O
New York, New York 10016

**BLOCK, Senior District Judge:**

Following a guilty verdict on four counts after trial, Timothy Martinez ("Martinez") has made a post-trial motion for a judgment of acquittal pursuant to Rule 29, or alternatively, a new trial pursuant to Rule 33. For the following reasons, Martinez's motion is denied.

## I.   BACKGROUND

On May 3, 2023, after trial, a jury convicted Martinez on four counts: Count 1, sexual exploitation of a minor, Jane Doe 1, for a period between October 2016

1

to March 2017; Count 2, sexual exploitation of a minor, Jane Doe 2, for a period between September 3, 2012 to November 2016; Count 3, attempted receipt of child pornography based on interactions with a Twitter account with the username "MyiaaMyiaa14" ("Myiaa") during June 2018, although the jury returned a not guilty verdict on the underlying substantive offense of receipt of child pornography; and Count 4, possession of child pornography for a period between October 2016 and September 2019.

Martinez now moves for a judgment of acquittal and/or a new trial under Federal Rules of Criminal Procedure 29 and 33, respectively. Specifically, Martinez makes two arguments: (1) that the government failed to establish venue for Counts One, Two, and Three; and (2) that the government never presented evidence that the materials on Martinez's devices for Count Three were images of a child below the age of 18.

Martinez faces a heavy burden for each motion. Under Rule 29, the Second Circuit has stated, "we must credit every inference that could have been drawn in the government's favor and affirm the conviction so long as, from the inferences reasonably drawn, the jury might fairly have concluded guilt beyond a reasonable doubt." *United States v. Reifler*, 446 F.3d 65, 94 (2d Cir. 2006) (internal citations omitted). Similarly, Rule 33 is "disfavored in this Circuit," with the standard for

granting such a motion being "strict." *United States v. Gambino*, 59 F.3d 353, 364 (2d Cir. 1995).

## II. VENUE FOR COUNTS ONE, TWO, AND THREE

First, Martinez argues that the government failed to present sufficient evidence to enable a rational trier of fact to establish venue for Counts One, Two, and Three. Specifically, Martinez argues that while the government presented evidence that Martinez maintained residences during the general times alleged in the indictment, no evidence placed him in the Eastern District during the commission of any specific act. As the Court instructed the jury, to establish proper venue, the government must "prove that any act in furtherance of the crime occurred in the Eastern District of New York" by a mere preponderance of the evidence. *See United States v. Potamitis*, 739 F.2d 784, 791 (2d Cir. 1984).

The government has presented sufficient evidence to support the jury's finding that venue was proper within the Eastern District of New York. For Counts One and Two, the government presented evidence establishing (1) that Martinez communicated with Jane Doe 1 and 2 continuously during the relevant periods, (2) that Martinez predominantly lived in Staten Island during that time, and (3) that Martinez was located in and around his Staten Island residence during the times he engaged in the crimes. For example, the government introduced testimony from a witness that he visited Martinez at his Staten Island home

3

numerous times, as well as a passport application, passport, utility bills, and internal protocol ("IP") address identifying his residence in Staten Island.  The government introduced further evidence showing that Martinez was located in and around his residence during the times he engaged in crimes by introducing Cash App transaction records, testimony from a Homeland Security Special Agent that he observed Martinez's Cash App record, which indicated Martinez was in Staten Island, and transactions that Martinez made from his Staten Island IP address. Finally, the government presented evidence that Martinez was in Staten Island during Skype chats with Jane Doe 1 and 2, including a statement made to Jane 2 that he was "home."

For Count Three, the government presented evidence that Martinez was residing in Staten Island in and around the time he attempted to receive child pornography from Myia in June 2018 by showing Cash App records from his Staten Island IP address on days before and after he requested, paid for, and received video links through Twitter from Myia.

Based on this evidence, a reasonable jury could find that the government satisfied its burden on venue.

### III. ATTEMPTED RECEIPT OF CHILD PORNOGRAPHY

Second, Martinez argues that the government failed to present evidence that the material on Mr. Martinez's devices for Count 3, Attempted Receipt of Child

4

Pornography – as opposed to Count 4, Possession of Child Pornography – were, in fact, images of a child below the age of 18. As Martinez contends in his letter motion, "[e]ven assuming, *arguendo*, that Mr. Martinez believed the individual (who has never been identified or located) was below 18 at the time the images were produced, the language exchanged by the (adult male) provider of the images and the language used by Mr. Martinez in their conversation—a conversation between two consenting adults—is irrelevant as to what the images actually depicted."

Martinez misstates the relevant inquiry for the attempt crime. To reiterate, the jury found Martinez guilty of *attempted* receipt of child pornography, not receipt of child pornography itself. For attempted receipt of child pornography, 18 U.S.C. § 2252(b)(1), as the Court's jury instructions stated, the government needed only prove beyond a reasonable doubt that: (1) "the defendant intended to commit the [crime of receipt of child pornography]"; and (2) "the defendant did some act that was a substantial step in an effort to accomplish the crime." By contrast, for the underlying crime of actual *receipt* of child pornography, the government needed to prove that the visual depiction was, in fact, of an actual minor. The jury failed to convict Martinez on the underlying substantive offense.

Indeed, as the government correctly counters, the law is clear that for an attempt crime, the government was not obligated to prove that Myia was actually a

5

minor or that the links that Myia sent Martinez actually contained child pornography. As a general matter, factual impossibility is not a defense to attempt crimes. *See United States v. Weisser*, 417 F.3d 336, 352 (2d Cir.2005). More specifically, the Second Circuit has held that the "involvement of an actual minor is not a prerequisite to an attempt conviction" under a similar provision, attempting to entice a minor to engage in prohibited sexual activity pursuant to 18 U.S.C. § 2422(b), *see United States v. Gagliardi*, 506 F.3d 140, 146 (2d Cir. 2007), while the First Circuit has explained that for the crime of attempted receipt of child pornography, the government "has no burden to prove that the appellant knew that the downloaded file actually contained [images of real-life minors engaged in sexually explicit conduct]. Rather, the government is required to prove that the appellant *believed* that the received file contained such images." *United States v. Pires*, 642 F.3d 1, 8 (1st Cir. 2011) (emphasis added); *see also United States v. Bauer*, 626 F.3d 1004, 1008 (8th Cir. 2010) ("[N]o actual minor victim was necessary for Bauer's attempt conviction under § 2252A.").

Consequently, the government needed to prove only that Martinez (1) intended to commit the crime and (2) took a substantial step in an effort to accomplish that crime. The government presented sufficient evidence to that end, which the jury accepted. The Court is reluctant to disturb that finding, as the question of intent is "primarily one of inference" and "thus one especially suited

6

for resolution by a trial jury." *See United States v. Crowley*, 318 F.3d 401, 409 (2d Cir. 2003). Accordingly, the Court cannot say that the government failed to meet its burden on the crime of attempted receipt of child pornography.

## IV.   CONCLUSION

For the foregoing reasons, Martinez's post-trial motion is denied. The Court will sentence Martinez on September 29, 2023.

**SO ORDERED.**

                                                    /S/ Frederic Block
                                                    FREDERIC BLOCK
                                                    Senior United States District Judge

Brooklyn, New York
September 27, 2023