# SENTENCING SUBMISSION FOR TIMOTHY MARTINEZ

**Hon. Frederic A. Block**

Docket No. 20 Cr. 98

Peter E. Brill, Esq.
Brill Legal Group, P.C.
*Attorneys for Timothy Martinez*
64 Hilton Avenue
Hempstead, NY 11550
Tel. (516) 206-2002
pbrill@brill-legal.com

Timothy Martinez respectfully submits this memorandum in anticipation of his upcoming sentencing.

Until the verdict in his trial, Mr. Martinez was a hard-working, dedicated member of the New York City Police Department and the United States Army. When not deployed or at military drill, he lived alone in Staten Island. His wife left him before his arrest for unrelated reasons and it was a struggle to get her to allow him to see his son. Mr. Martinez has not seen his son in years now, both because his ex made it difficult and because he wouldn't know what to say about this case if he did. He assumes that his ex is aware of his charges, but he has not heard from her, or anyone related to her, to confirm.

His parents are fully supportive, as are his only brother and dozens of friends and colleagues. We have provided the Court with letters from a few of them, and Your Honor was privy to testimony from others as part of the defense case. Despite full knowledge of the events of this case, they love and support Tim, a man who had lived a quiet and respectable life until this point.

The Court may not be aware that his mother accompanied Tim to court every day of the trial, expressing her disbelief at what she had heard in court at the end of each day. This is because the actions that led to these charges were so far from her lived experience with Tim that it was incomprehensible. His father could not attend due to chronic and debilitating illness.

His mother also assisted with moral support during the trial, and made sure that Tim took his medication, as he suffers from PTSD, significant anxiety and depression.

We respectfully submit that Mr. Martinez's actions were so out of character as to be almost baffling. While we make no medical claims as to causation, he did suffer a serious head injury in 2004, before any of the actions in this case, and was subject to hundreds of mortar and other

[1]

explosive attacks while deployed. We also submit that, despite his friends and family, Mr. Martinez suffered from a profound loneliness and isolation that he repeatedly tried to assuage through completely inappropriate online interactions.

Should the Court not grant the relief sought in the defense post-trial motions, which have not yet been decided, the Court is bound by the mandatory minimum sentence required by law. Though we would certainly like to argue that such a sentence is inappropriate in this specific case, that would be futile if the charges stand. Given his years in law enforcement, his coming years incarcerated among those who will have great animosity towards him will make his time in the BOP extra difficult. As such, we respectfully request that the Court impose the mandatory minimum sentence required by law.

## MR. MARTINEZ'S HISTORY AND CHARACTERISTICS, AND THE NATURE AND CIRCUMSTANCES OF THE OFFENSE CONDUCT

Mr. Martinez was born in New York City and raised in upstate New York to working-class parents. He is close to his parents and brother.

He joined the Army out of high school, became a military police officer overseas, and remained in the Army Reserve for decades. After a highly decorated career in the Army, he joined the NYPD. He was fired as a result of this conviction. Despite being a few months from his retirement date, his termination also resulted in the complete loss of his pension.

His marriage ended in divorce and, as noted above, he has not seen his son in years. He does not even know where they live.

Tim has affected so many people throughout his life, as the Court has seen. Alejandro Cuevas, a work colleague and supervisor whose letter was previously provided to the Court, writes, "[Martinez] has earned the respect and admiration of those who know him, and I believe he deserve[s] an opportunity for redemption and rehabilitation."

[2]

Daleich Smith, another Army colleague, wrote the following: "Contrary to what may be being said and thought he was and always has been a man of his word and showed great moral integrity and dignity."

Carol Brower, who has known Tim for decades, wrote to the Court that "Timothy has wonderful family values and has been a huge help to his family" and "I truly believe that Timothy has taken complete responsibility for his actions and will continue to work to move on from this dark period of his life to make positive contributions to society."

We have provided additional letters from friends, colleagues and family, including a recently received letter from his aunt Millie, attached as Exhibit A.

*Offense Conduct*

As to the offense conduct, the Court is aware of the evidence in this case, having presided over the trial. We acknowledge that, through its verdict, the jury did not accept Mr. Martinez's defense. Nonetheless, we maintain that there were several legal and factual issues with the charges.

At this stage, we ask the Court to consider that the behavior documented at trial is completely out of character in an otherwise upstanding life of very little pretention. Tim is a simple guy with simple tastes who apparently went down a rabbit hole into an entirely foreign world where he lost himself.

We do not justify his actions, but seek to place them in the context of his life. The Court, however, is robbed of this ability based upon Congress' imposition of a mandatory minimum sentencing scheme that fails to take into account the myriad circumstances of cases like these.

## II.    THE PSR and GUIDELINES CALCULATION

We respectfully disagree with the Guidelines calculation by Probation.

As to Count 1, we have no objection.

As to Count 2, we do not believe that the verdict was specific as to the age of Jane Doe #2 at the time of the offense conduct. As her age was not submitted to the jury as an element of the crime, we ask that the Court not impose the two-point enhancement in paragraph 47.

As to Counts 3 and 4, we submit that the ages of the individual children depicted in the images were not submitted to the jury or established at trial. As Probation's determination of their ages is unsupported by the evidence, we ask the Court not to impose the two-point enhancement in paragraph 55.

We also object to the four-point enhancement in paragraph 56, for two reasons: the evidence of the image described in this paragraph was not submitted to the jury and there is no basis to apply the enhancement for the mere presence of a collar or leash without additional evidence of actual sadomasochistic conduct involving the child.

We further object to the five-point enhancement in paragraph 57, as we do not believe that the referenced Guideline section is applied appropriately here.

We also object to the two-point enhancement in paragraph 58, if Probation is referring to Twitter, for the same reasons stated in our post-trial motions.

Finally, we object to the Probation calculation of 646 images in paragraph 59, as it was not determined by the finder of fact that each of those images was, in fact, child pornography.

Should the Court agree with any of the above objections, the calculations in paragraphs 64, 65, 66 and 67 would be inaccurate.

Also, as stated above, we do not believe that the offense conduct constitutes a pattern of activity and, as such, object to the enhancement in paragraph 68.

As to restitution, it was not established at trial that Mr. Martinez was in possession of the "Jenny" images. As such, restitution is not appropriate. Should the Court determine that restitution is appropriate, we ask that it be limited to $3,000 and ask for an opportunity to be heard as to the many reasons why this should be so.

We would respectfully suggest that Mr. Martinez is unable to pay a fine.

### III.    ADDITIONAL SENTENCING CONSIDERATIONS UNDER § 3553-A

**Mr. Martinez had some serious health issues**

As noted in the PSR, Mr. Martinez had a head injury in 2004. The fact that the VA can't find the records is ridiculous. Nonetheless, the head injury may have affected his behavior and judgment.

He also suffers from PTSD, serious anxiety and depression.

He receives disability benefits from the Army.

**Mr. Martinez is unlikely to reoffend**

Timothy Martinez is a 43-year-old man who has been law-abiding citizen for his entire life. He has worked hard to support his country, his city, and his family.

Things have taken a sad turn. He does not know where his son is. His parents are devastated. His father is chronically ill. They are all profoundly damaged by recent events.

There is no doubt that, prior to this incident, Mr. Martinez has had a positive impact in this world. We do not downplay the seriousness of the situation, and Mr. Martinez acknowledges his responsibility and vows to do better in the future.

We suggest that based on the above, Mr. Martinez is very unlikely to break the law again or pose any kind of public danger.

## **CONCLUSION**

Despite the offense conduct, a spate of factors combine to warrant mercy. Counsel respectfully urges the Court to impose a sentence that is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). Given the limited scope and impact of Mr. Martinez's actions here, we respectfully suggest that the minimum term of incarceration is appropriate.

Dated:   September 27, 2023
         Hempstead, New York

                                            Respectfully submitted,

                                            Brill Legal Group, P.C.
                                            *Attorneys for Timothy Martinez*

                                            _____
                                            By: Peter E. Brill
                                            64 Hilton Avenue
                                            Hempstead, NY 11550
                                            Tel. (516) 206-2002
                                            pbrill@brill-legal.com